JOSEPH AUERBACH, Plaintiff, *v.* GRAND NATIONAL PICTURES, LIMITED, Defendant.

Supreme Court, Special Term, New York County, August 20, 1941.

*Breed, Abbott & Morgan,* for Lewis Civval, as liquidator of Grand National Pictures, Limited, appearing for the sole purpose of this motion and for no other purpose.

*Fitelson & Mayers* [*Harold J. Sherman* of counsel], for the plaintiff opposed to motion.

BERNSTEIN, J. This is an application by the liquidator of the defendant, appearing specially, to vacate a warrant of attachment issued on June 5, 1941, and all levies made thereunder, to dismiss the complaint and to set aside the service of the summons and complaint. The action was brought to recover damages for breach of a contract under which the plaintiff claims to be entitled to recover $14,805. The contract, admittedly made in England, was entered into on June 27, 1940, between Grafton Films, Limited, and the defendant, both corporations organized under the laws of England, and provided, for good consideration, that the defendant should pay the said sum to the plaintiff in repayment of a loan theretofore made by the plaintiff to Grafton Films, Limited. Under the established law of this State, the plaintiff may, of course, sue and recover upon that covenant for his benefit. (*Lawrence* v. *Fox*, 20 N. Y. 268; *Seaver* v. *Ransom*, 224 id. 233.)

The liquidator of the defendant contends, however, that the plaintiff's action must be determined by the *lex loci contractus*, that of England (*United States Mortgage & Trust Co.* v. *Ruggles*, 258 N. Y. 32, 38; *Franklin Sugar Refining Co.* v. *Lipowicz*, 247 id. 465; *Osgood Co.* v. *Wilkinson*, 239 App. Div. 676, 677), and that under that law the plaintiff, as a beneficiary, has no cause of action. For authority on that point he has cited many English cases and text book writers. (*Crow* v. *Rogers*, 1 Strange, 592; 93 Eng. Reprint, 719; *Price* v. *Easton*, 4 Barn. & Adol. 433; 110 Eng. Reprint, 518; *Tweddle* v. *Atkinson*, 1 Best & Smith, 393; 121 Eng. Reprint, 762; *Barker* v. *Stickney*, 2 L. R. [K. B. 1918] 356, 358; 2 Williston on Contracts [Rev. ed.], §§ 360, 361; 7 Halsbury's Laws of England [2d ed.], ¶ 106.) As is stated in the paragraph last cited: " As a general rule a contract affects only the parties to it, and cannot be enforced by or against a person who is not a party, even if the contract is made for his benefit and purports to give him the right to sue or to make him liable upon it." The liquidator has fortified his citations with the expert opinion of a solicitor of the Supreme Court of England, and asserts that, since the plaintiff has no cause of action for breach of the contract under the law of England, he has none here, and his complaint must be dismissed and the warrant of attachment vacated. (Civ. Prac. Act, § 903.)

The plaintiff has offered no proof on the subject of the English law but contents himself with the argument that the liquidator's contention is one that is addressed to the merits of the action and anticipates a defense which should be determined upon the trial of the action and not before. He maintains that his complaint sets up a good cause of action for a *prima facie* case and his affidavits

comply with the requisite jurisdictional requirements for the issuance of a warrant of attachment, and that the court, on this motion, is limited to a consideration of their sufficiency and not of their merits. For that purpose, he says, the *lex fori* furnishes *prima facie* the rule of decision. (*Monroe* v. *Douglass*, 5 N. Y. 447, 452; *Sliosberg* v. *New York Life Ins. Co.*, 217 App. Div. 685.)

Until the contrary is established by competent evidence, our courts will presume that the law of a common-law jurisdiction, such as England, is the same as the common law of New York. (*Robb* v. *Washington & Jefferson College*, 185 N. Y. 485.) Upon that presumption the complaint and affidavits were sufficient in the first instance to authorize the issuance of the warrant of attachment. Under our jurisprudence, foreign law is usually a question of fact which must be pleaded and proved as other facts are. (*Robb* v. *Washington & Jefferson College, supra*, p. 496; *Genet* v. *Delaware & Hudson Canal Co.*, 163 N. Y. 173.) That means that the liquidator will be required here to answer the complaint, set up the pertinent law of England as a defense and prove it as a fact, to enable him to defeat the action. When that is done, the plaintiff will, of course, be entitled to challenge the sufficiency of the defense, cross-examine his experts on the relevant English law and the applicable authorities, and present expert proof of his own to meet it. That may only be accomplished upon a trial of the action. To dismiss the complaint in advance of such trial would be to determine the merits in anticipation of the interposition of a defense of foreign law and of a finding that it is applicable to the plaintiff's claim.

Moreover, it is well established that upon a motion to vacate a warrant of attachment, the court may not consider the merits of the action and determine whether the plaintiff can succeed or not. (*Bard-Parker Co., Inc.*, v. *Dictograph Products Co., Inc.*, 258 App. Div. 638; *Harman* v. *City of Ft. Lauderdale*, 134 Misc. 133; *Premier Malt Sales Corp.* v. *Tullock*, 119 id. 509; 2 Wait's New York Practice [3d ed.], § 4, p. 289.) Its function there is to ascertain whether or not the plaintiff has made out a *prima facie* case and complied with the requisite jurisdictional requirements, leaving it to a trial court to determine the issues raised by the defenses. There is nothing in the complaint and the affidavits upon which the warrant was issued here to indicate *clearly* that the plaintiff *must* ultimately fail in the action. (Cf. *Wulfsohn* v. *Russian Republic*, 234 N. Y. 372, 377.)

The liquidator's claim that the service of the summons and complaint by delivery to the Secretary of State was invalid is without merit. His contention that the plaintiff's maintenance

of and recovery in the action would in effect establish him as a preferred creditor, and that he should consequently be relegated to the bankruptcy tribunals in England, may be addressed to the merits of the action, if pleaded as a defense, but it cannot affect the plaintiff's *prima facie* case. Finally, the fact that the contract of June 27, 1940, provides for the arbitration of differences that may arise between the parties, cannot aid the liquidator on this application, for even if it were applicable to the action, all that it would entitle him to is a stay of proceedings until the arbitration had been had. (Civ. Prac. Act, § 1451.)

The motion is accordingly denied in all respects. Settle order.