Joseph F. Salvucci *vs.* Gerard S. Sheehan, individually and as trustee.

Middlesex.    October 13, 1965. — December 6, 1965.

Present: Spalding, Whittemore, Cutter, Kirk, Spiegel, & Reardon, JJ.

*Equity Jurisdiction,* Arbitration, Fraudulent conveyance, Other remedy, Equitable attachment. *Arbitration.*

A suit in equity under G. L. c. 214, § 3 (9), to reach and apply property fraudulently conveyed combines in one proceeding a matter of law, the

establishment of an indebtedness of the defendant to the plaintiff, and a matter of equity, the equitable process for collecting the debt out of the property fraudulently conveyed. [662]

A suit in equity under G. L. c. 214, § 3 (9), commenced by the contractor under a building contract against the landowner prior to any arbitration between them, was not precluded by provisions in the contract, authorized by c. 251, § 1, as appearing in St. 1960, c. 374, § 1, that "Any disagreement arising out of this contract or from the breach thereof shall be submitted to arbitration . . . [and] that the decision of the arbitrators shall be a condition precedent to any right of legal action that either party may have against the other," where it appeared from the bill that the defendant owed the plaintiff a substantial amount for work done, had conveyed his real estate without consideration to himself as trustee of a realty trust, had mortgaged it, and intended to complete the building construction himself, which would result in further encumbrances, and that the plaintiff merely sought in effect an equitable attachment putting the real estate in the control of the court pending arbitration and subjecting the real estate to the equity power of the court to enforce collection of any sum awarded to the plaintiff in the arbitration. [662–663]

BILL IN EQUITY filed in the Superior Court on May 28, 1964.

The suit was heard by *Fairhurst,* J., on a demurrer.

The case was submitted on briefs.

*Bernard Kaplan* for the plaintiff.

*Arthur A. Karp* for the defendant.

SPALDING, J. This is a bill to reach and apply in payment of a debt property alleged to have been fraudulently conveyed. G. L. (Ter. Ed.) c. 214, § 3 (9). The defendant's demurrer was sustained. The final decree dismissed the bill. The plaintiff appeals.

The bill alleges the following: On May 30, 1963, the plaintiff and the individual defendant signed a written agreement by which the plaintiff was to construct six buildings on land owned by the defendant. Included in the agreement was an arbitration clause which reads: "Any disagreement arising out of this contract or from the breach thereof shall be submitted to arbitration, and judgment upon the award rendered may be entered in the court of the forum, state or federal, having jurisdiction. It is mutually agreed that the decision of the arbitrators shall be a condition precedent to any right of legal action that either party may have against the other."

The plaintiff has finished four buildings, and has started construction on the remaining two. The defendant has failed to pay $47,440 of scheduled payments and further sums totaling $21,088 for additional work requested by the defendant. On January 10, 1964, the defendant, without consideration, conveyed the land and buildings from himself individually to himself as trustee of the Duv-Sean Realty Trust. The defendant has placed several mortgages on the property, and intends to complete the construction himself, thus subjecting the property to other liens and encumbrances. If under the terms of the arbitration agreement the plaintiff's claim must be submitted to arbitration before an action at law may be brought for its recovery, the plaintiff "will be unable to secure the payment of any award which he may obtain by . . . [the] arbitration."

The bill includes a prayer that the defendant, as an individual and as trustee, be temporarily restrained and enjoined from conveying or encumbering the property, and from employing any person or entering into any agreement that would cause a lien to be created on the property; also, that in the event of an arbitration award, or verdict or findings, in favor of the plaintiff, a master be appointed to sell the property.

The defendant assigned as grounds for his demurrer that the court was without jurisdiction of the subject matter of the suit, and that the plaintiff had a full, complete and adequate remedy at law. The defendant's position is that the bill, which in effect seeks an equitable attachment of the defendant's real estate, having been brought prior to any submission to arbitration and not being predicated upon an arbitration award, violates the provisions of the arbitration clause in the agreement.

The demurrer ought not to have been sustained.

Special equity jurisdiction is given to the Superior Court over suits to reach and apply in payment of a debt property fraudulently conveyed by a debtor. G. L. (Ter. Ed.) c. 214, § 3 (9). If no arbitration clause was involved there

would be no question that the plaintiff had stated sufficient facts to entitle him to relief under this section, and it is immaterial that the plaintiff might have an adequate remedy at law. *Sztramski* v. *Spinale,* 332 Mass. 500, 503.

The subject of commercial arbitration is governed by G. L. c. 251, as appearing in St. 1960, c. 374, § 1, which is based on the Uniform Arbitration Act.[1] The issue presented in the case at bar appears to be one of first impression both here and in other jurisdictions where the Uniform Arbitration Act is in effect. Section 1 of c. 251 provides that written agreements to submit controversies to arbitration shall be "valid, enforceable and irrevocable." As noted above, the parties have contracted to submit disagreements to arbitration and have made the decision of the arbitrators a condition precedent to any right of legal action. We are of opinion that this provision, taken in the context of the arbitration act, is not inconsistent with the equitable attachment process of G. L. (Ter. Ed.) c. 214, § 3 (9).

A bill to reach and apply property fraudulently conveyed combines in one proceeding matters both of law and equity. The first is the establishment of an indebtedness by the defendant to the plaintiff. The second is the equitable process for collecting the debt out of the property fraudulently conveyed. In short "a bill to reach and apply is essentially a proceeding at law supplemented by an equitable attachment." *Bressler* v. *Averbuck,* 322 Mass. 139, 141. *Stockbridge* v. *Mixer,* 215 Mass. 415, 418. Where such an attachment is sought pending the determination of the substantive issues it is the practice to issue a temporary injunction whereby the property is taken into the control of the court and is charged with an equity for the security of the plaintiff. *Snyder* v. *Smith,* 185 Mass. 58, 61–62. *McCarthy* v. *Rogers,* 295 Mass. 245, 247. This, in essence, is the relief that the plaintiff requests. The bill, fairly construed, indicates that he is not seeking to deprive

[1] Collective bargaining agreements to arbitrate are governed by G. L. c. 150C, inserted by St. 1959, c. 546, § 1.

the arbitrators of jurisdiction over the issues of law. We
see no reason why the Superior Court should not have
jurisdiction to bring the property in question within its
control pending a determination of the issues of law under
the procedure of the arbitration act. If the debt is proved
to the satisfaction of the arbitrators, the court may con-
tinue within its equity power to do what is necessary for
its collection. This is all the plaintiff seeks; he was not
attempting to bypass the agreement to arbitrate, which, of
course, he could not do. Issues of an analogous nature
were considered in *Stockbridge* v. *Mixer, supra,* where the
defendants were held entitled to a jury trial on the ques-
tion of the alleged debt in a bill in equity to reach and
apply.

The language and history of G. L. c. 251 are consistent
with the above analysis. Section 2 (d) allows a stay of
any action or proceeding involving an issue subject to
arbitration.[2] Clearly, this contemplates an initial court
jurisdiction. See *Itek Corp.* v. *McEnness,* 340 Mass. 409.

Legislative history from the National Conference of
Commissioners on Uniform State Laws indicates that the
commissioners gave consideration to the matter of juris-
diction for provisional remedies in a case like this. Sec-
tion 4 of the 1954 draft arbitration act (omitted in the ap-
proved Uniform Arbitration Act of 1955) provided: "At
any time prior to judgment on the award, the court on
application of a party may grant any remedy available for
the preservation of property or securing the satisfaction
of the judgment to the same extent and under the same con-
ditions as if the dispute were in litigation rather than arbi-
tration." National Conference of Commissioners on Uni-
form State Laws, 1954 Handbook, 206. This section was
omitted in the approved act because of the rare occasions

---

[2] Section 2 (d) reads, "Any action or proceeding involving an issue sub-
ject to arbitration shall be stayed if an order for arbitration or an applica-
tion therefor has been made under this section or, if the issue is severable,
the stay may be with respect to such issue only. When the application is
made in such action or proceeding, the order for arbitration shall include such
stay."

when such a section would be needed, and the vigorous objection received from those who feared the section would bring an unwanted authorization of the labor injunction. The reasons for the omission have no applicability in this Commonwealth where the act does not apply to collective bargaining agreements. G. L. c. 251, § 1. The consideration of the omitted section by the commissioners indicates that the draftsmen of the uniform act assumed that the jurisdiction for, and granting of, such provisional remedies were not inconsistent with the purposes and terms of the act.

Professor Sturges in his treatise, Commercial Arbitrations and Awards, § 329, and in a recent article, Common-Law and Statutory Arbitration: Problems Arising from their Coexistence, 46 Minn. L. Rev. 819, 851, looks with favor on the granting of provisional remedies for protective purposes in disputes where arbitration is called for. See for similar comment: Note, Availability of Provisional Remedies in Arbitration Proceedings, 17 N. Y. Univ. L. Q. 638.

The interlocutory decree sustaining the demurrer is reversed. The final decree is reversed with costs of appeal.

*So ordered.*