James H. Boomer, J.
Respondent served a notice of intention to arbitrate pursuant to the terms of an agreement entered into between the parties and thereupon the petitioner brought on this proceeding to stay the arbitration.
The arbitration clause is contained in an agreement for the lease of certain motor vehicles by the petitioner to the respondent. Paragraph 20 of that agreement provides that ‘ ‘ any dispute, claim, or controversy arising out of or pertaining to this agreement, or breach thereof, shall be submitted to and determined by an arbitrator ”. Section 19, which immediately precedes the arbitration clause, reads in part, ‘ ‘ In the event Lessee breaches any of the provisions of this agreement Lessor may immediately, without notice or demand, take possession of the Leased Equipment until such breach or default is cured without such action being deemed an act of termination and without prejudice to the other remedies of Lessor ”.
The notice of intention to arbitrate served by respondent does not specify the nature of the controversy; it refers merely to ‘ ‘ a controversy arising out of an equipment lease contract ’ ’, specifying the date of the contract. Petitioner alleges that the respondent has failed to pay the rent due under the lease agreement and this the respondent denies. It is petitioner’s contention that the notice of intention to arbitrate is defective since it does not set forth the specific nature of the dispute to be arbitrated. Petitioner is fearful that such a broad notice of inten *823 tion to arbitrate might permit the arbitrator to determine petitioner’s right under paragraph 19 of the lease to summarily retake the leased vehicles. It contends that the right to retake is a separate remedy provided to the petitioner and is not a matter concerning which the parties agreed to arbitrate.
I agree with petitioner’s contentions. The right to retake is “ without notice or demand ” and it must, therefore, have been intended that this right should precede any arbitration hearing. Of course, the right of the respondent to arbitrate the issue of nonpayment will not be destroyed by the retaking of the vehicles. If the vehicles are retaken and later the arbitrator finds that there had been no breach of the contract by reason of nonpayment, then the petitioner will be responsible for all damages caused by the retaking.
The agreement to arbitrate will not preclude the petitioner from bringing a replevin action to retake the equipment. “ [T]he sole remedy given by the CPLB to the party against whom the action is commenced is a stay of the action pending arbitration” (22 Carmody-Wait 2d, New York Practice, § 141:32). After the vehicles are replevied the replevin action may be stayed pending the determination of the arbitrator. It has been held that an agreement to arbitrate will not preclude a party to the agreement from obtaining a warrant of attachment (Auerbach v. Grand Nat. Pictures, 176 Misc. 1031, affd. 263 App. Div. 712; American Reserve Ins. Co. v. China Ins. Co., 297 N. Y. 322). Similarly, the agreement to arbitrate should not preclude the petitioner from replevying the leased vehicles pursuant to CPLB 7102.
Respondent’s notice of intention to arbitrate is defective. 6 ‘ The demand [for arbitration] must state the specific nature of the existing controversy to be arbitrated.” (Matter of Eager Elec. Co. [Weisman Constr. Corp.], 29 A D 2d 939.) Respondent shall be stayed from proceeding with arbitration pursuant to its notice, with leave, however, to the respondent to serve a new notice not inconsistent with this memorandum, particularly specifying the controversy to be arbitrated (Randall-Smith, Inc. v. 43rd St. Estates Corp., 23 A D 2d 835).