[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Reiner Reiner for plaintiff.
Gary Greene for defendant.
MEMORANDUM OF DECISION
In this action by the plaintiff real estate broker for a real estate commission for alleged services rendered for the defendant buyer, plaintiff's application for a prejudgment remedy presents these issues: (1) whether an arbitration clause in the written agreement between the parties deprives this court of subject matter jurisdiction; (2) whether the granting of a stay of this action pursuant to C.G.S. § 52-409 until an arbitration has been had forbids the court from considering and granting a prejudgment remedy; (3) whether § 20-325a, which bars a real estate broker from bringing an action for a real estate commission unless there exists a written agreement containing specified particulars, applies to an action by a broker against a buyer; and (4) whether plaintiff has established probable cause that he will prevail at trial.
The facts are as follows: Plaintiff Craig Yellin and Patrick Snow on behalf of defendant Premier Development, Inc. entered into a written agreement by which the defendant retained the plaintiff as its agent to negotiate the purchase of the Old Mountain Village condominium site in Farmington, Connecticut. The agreed upon commission was 5% of the aggregate purchase price. The agreement further provided it terminated on December 31, 1992, but was also terminable by either party on 30 days notice, provided if defendant purchased a property identified or negotiated on behalf of defendant within six months of the termination date, plaintiff was entitled to his commission. Finally, the agreement contained the following arbitration provision: "Any dispute between us shall be handled by binding arbitration in CT Page 4289 accordance with the rules of procedure of the American Arbitration Association then in effect."
The agreement marked into evidence is dated "5.5.92" under the plaintiff's signature.
On May 5, 1992, plaintiff contacted Michael Hussig of Connecticut National Bank, owner of Old Mountain Village, and later had lunch with him regarding the availability of the property. He then researched the property at the Farmington town hall, particularly as to easements, soil conditions, and confirmed that four condos were built and thirty more approved for construction. Mr. Hussig also met with the former owner and learned that ledge on the site would affect construction costs. He apprised Snow of all this information and on May 11, 1992, they together prepared a written offer by defendant to the bank to purchase the site for $420,000 and on other terms stated therein. That offer was rejected by the bank and it counter-demanded a price of $650,000. Snow told plaintiff he was not interested at that price.
Mr. Snow, however, continued to negotiate with the bank and on April 13, 1993 defendant purchased the property from the bank's affiliate for $655,000.
Defendant introduced into evidence a letter dated June 1, 1992 terminating the agreement with plaintiff. The plaintiff testified he never received such a letter.
On these facts, plaintiff claims he has established probable cause that he will prevail at trial; defendant claims the termination of the agreement more than six months before the defendant purchased the property bars plaintiff's recovery and asserts legal defenses stated above.
1. The Issue of Subject Matter Jurisdiction.
At the time this application for prejudgment remedy first came before the court, defendant asserted in opposition that the arbitration provision in the agreement between the parties deprives this court of subject matter jurisdiction. Plaintiff asked for time to respond and before the next hearing, defendant moved for a stay of the proceedings so that arbitration can be had.
Defendant claims that the language in the agreement that any dispute "shall be handled by binding arbitration" creates a condition CT Page 4290 precedent to this proceeding and requires this court to grant its motion to dismiss. While some old cases mention that a provision in a contract, stating that arbitration shall be a condition precedent to bringing an action on the contract itself, shall be enforced and bar such an action, Bernhard v. Rochester GermanIns. Co., 79 Conn. 388, 395 (1906), "the mere agreement to arbitrate, standing alone, does not give rise to a necessary implication that arbitration is a condition precedent to litigation." Kantrowitzv. Perlman, 156 Conn. 224, 228-29 (1968). In that case, where the agreement provided that any "question or controversy shall be submitted for arbitration," and the trial court sustained a plea in abatement, the Supreme Court reversed, holding such language did not create a condition precedent to the action.
In Multi-Service Contractors v. Vernon, 181 Conn. 445
(1980), in which the agreement between the parties contained a similar arbitration provision, the Supreme Court reversed the trial court's granting of a motion to dismiss the action on the same grounds.
See also Mayron's Bake Shop v. Arrow Stores, 149 Conn. 149
(1961).
The general rule is stated in 5 Am.Jur.2d Arbitration and Award, § 36, p. 543, as follows, "The courts have held almost universally that under the common law, the parties to a dispute may not oust the jurisdiction of the courts by an agreement to arbitrate."
The rule is a sound one because an arbitration provision in a contract still raises juridical questions, such as the validity of the contract, the type of issues submittable to arbitration, and a waiver of the right to arbitrate.
As a consequence, the court determines it has jurisdiction to determine the application before it.
2. The Issue of the Effect of a Stay of Proceedings on theRight to a Prejudgment Remedy.
The court grants the defendant's motion for a stay of these proceedings pending arbitration, pursuant to Conn. Gen. Stats. § 52-409.[1]
That, however, raises the question whether granting the stay bars this court from hearing and granting a prejudgment remedy. Oddly, no Connecticut case has ruled on this issue. CT Page 4291
However, the federal district court of Connecticut, applying Connecticut law in Cordoba Shipping Co., Ltd. v. Maro Shipping,Ltd., 494 F. Sup. 183 (D. Conn. 1980), refused to dissolve an attachment against a defendant who was a party to an arbitration agreement with the plaintiff, even though the action had been stayed pending arbitration. The court stated:
 The court's alleged lack of power to order a prejudgment remedy on a claim in arbitration is more seriously raised by defendant Maro. [Maro was a party to the arbitration clause with the plaintiff]. Nevertheless, the Second Circuit ruled some years ago that a court has the power to order prejudgment attachment, even though the court action has been stayed to submit the underlying controversy to arbitration. Murray Oil Products Co. v. Mitsui and Co., 146 F.2d 381 (2d Cir. 1944). Even applying a more modern view of the role of arbitration, this court finds no inconsistency between the goal of the arbitration act in achieving nonjudicial resolution of controversies and that of Conn. Gen. Stat. Section 52-278a et seq. in assuring the existence of monies to satisfy a judgment if and when it is obtained. This court will not dissolve the attachment. 494 F. Supp at p. 188.
Several other state courts have come to the same conclusion. Thus the Oregon Supreme Court held in Jackson v. PennyDuquette Knits, Inc., 555 P.2d 201, 202 (Or. 1976):
 In other jurisdictions, however, the case law indicates that the provisional remedy of attachment is available when an action is stayed pending arbitration. . . . We see no reason why, in the absence of a clear legislative direction, an agreement to arbitrate disputes should deprive the parties of the benefit of the remedy of attachment in an otherwise appropriate case.
To the same effect are the rulings of courts in New York (Auerbachv. Grand National Pictures, 29 N.Y.S.2d 747, 750 (1941)), Massachusetts (Salvucci v. Sheehan, 212 N.E.2d 243 (MA. 1965)), and California (Ross v. Blanchard, 59 Cal.Rptr. 783, 786
(CA Ct. App. 1967)). See also Sturgis, Commercial Arbitrationand Awards, pp. 328-29.
The basis of these rulings is that a prejudgment remedy does not interfere with the arbitration of a dispute but assures the availability of assets to pay an arbitration award if one is granted. Thus the granting of a stay of an action, pursuant to § 52-409, does not CT Page 4292 preclude the granting of such a remedy.
3. The Issue of Whether § 20-325a Bars Plaintiff From BringingThis Action.
Section 20-325a(b)[2] provides that no real estate agent shall bring an action to collect for services rendered unless the services were rendered pursuant to a contract that is in writing, dated, containing the names and addresses of the parties, and the conditions of such contract, and is signed by the owner in the manner provided for conveyances and by the real estate broker. The contract between the parties in this suit complies with all those requirements except it is not signed and acknowledged by an owner and attested to by two witnesses.
Section 20-325a(b) is strictly enforced by our courts and a failure to meet all the statutory requisites has been held to deny a real estate broker recovery. See cases cited in McCutcheon BurrInc. v. Berman, 218 Conn. 512 at 520 (1991). In McCutcheon Burr, the Supreme Court dissolved a prejudgment remedy on the ground that the plaintiff broker could not prevail because the property was owned by three individuals and the contract was signed by only one as partner.
In the instant case defendant agreed to pay the plaintiff a commission for the plaintiff arranging for the defendant to buy a property. Clearly an owner could not be a party to such a contract. To apply § 20-325a(b) so as to deny plaintiff recovery on the basis an owner did not sign the contract would be contrary to common sense. The "legislature is presumed to have intended a reasonable, just and constitutional result." Sanzone v. Board of PoliceCommissioners, 219 Conn. 179, 187 (1991). While the statute should be interpreted to apply to situations where the contract is between the broker and an owner, or one purporting to act as an owner, Coldwell Banker Real Estate v. Calabrese DevelopmentCorp., 8 Conn. L.Rptr 496, Super. Ct., Waterbury J.D., Blue, J. (Mar. 11, 1993), it should not apply when the contract is between a broker and a buyer.
In Cushman Wakefield of Connecticut, Inc. v. WestonGroup, Inc., 13 CLT 13, Stamford J. D., Cioffi, J. (Feb. 17, 1987), the court denied a motion to strike an action by a broker to recover for services rendered to a buyer, for failing to comply with § 20-325a(b), on the grounds that the statute "is not applicable to the case at bar, for there is no seller involved, as required CT Page 4293 by subsection (b)5. The present action is between the broker and the purchaser only." To the same effect is Purtill v. Monaco, 12 CLT No. 6, p. 24 (Super.Ct., Hartford J.D., Aug. 22, 1985, Shaughnessy, J.).
As a consequence, the court concludes plaintiff's failure to comply with § 20-325a(b) by the contract not being properly signed and acknowledged by an owner, and attested to by two witnesses, does not defeat plaintiff's cause of action.
4. The Issue of Probable Cause That Plaintiff Will Prevail atTrial.
The plaintiff established that plaintiff rendered services by putting defendant in contact with the owner of Old Mountain Village and tendering plaintiff's proposal to the owner to purchase the property. This would entitle plaintiff to the commission of 5% on the $655,000 purchase price, or $32,750, but for the issue of whether or not the agreement was terminated more than six months before the sale. On that issue, there is a conflict of testimony. Snow, for the defendant, testified he sent to the plaintiff the letter of termination, dated June 1, 1992, and plaintiff testified he never received it.
The court disbelieves the defendant that the letter was sent because, when on April 27, 1993 plaintiff's attorney wrote demanding plaintiff be paid, Snow responded on April 29, 1993, "The agreement Premier entered into with Mr. Yellin expired on December 31, 1992." Significantly, he did not mention his letter of June 1, 1992, which would have terminated the agreement thirty days later, but rather relied on the expiration date in the contract itself.
Thus, the court concludes plaintiff has shown probable cause that he will prevail at trial.
A prejudgment remedy may enter in favor of plaintiff in the amount of $32,750 in the form of an attachment on plaintiff's real estate described in Schedule A of plaintiff's application.
Satter, State Trial Referee CT Page 4294