OPINION OF THE COURT
Alan LeVine, J.
This is a holdover proceeding brought by the petitioner landlord, seeking a final judgment of eviction against the respondent tenant. Respondent was formerly the superintendent employed by the petitioner in the building in which respondent occupied Apartment 2T, the subject premises involved in this proceeding. It should be noted at the outset that while respondent acted as the superintendent for petitioner, occupying the aforesaid apartment, he did not pay rent to petitioner, this being one of the conditions of his employment.
At the trial of this proceeding, petitioner testified that he verbally terminated respondent’s employment on or about September 15, 1980, which firing he claimed was justified due to the poor work performance of the respondent superintendent. He supported his position by referring to a previous Housing Court order finding '280 violations on the building and fining the petitioner $11,000. Petitioner testified further that he confirmed the verbal *494 termination of respondent’s employment by a written notice, dated October 2, 1980.
Respondent’s testimony was that he believed that he had been wrongfully terminated after-petitioner discovered that he had joined a labor union, namely, Local 32B-32J, Service Employees International Union, AFL-CIO, for the purposes of collective bargaining. Respondent claimed that he was fired because of his union activities and not because of unsatisfactory work performance. Testifying for the respondent was Dorothy Lip-stein, who is president of the tenant’s association in the building. She stated that the association never registered any complaints against respondent superintendent and that the tenants were engaged in a rent strike because of the petitioner landlord’s failure to make needed repairs.
On or about September 24, 1980, the union filed a representation petition with the New York State Labor Relations Board (NYSLRB) seeking an election to certify the union as respondent’s representative for the purpose of collective bargaining. On October 6, 1980, after respondent’s employment was terminated, the union filed unfair labor practice charges with the NYSLRB. An informal conference was held on November 14, 1980 and the NYSLRB has presently under consideration the charge of alleged unfair labor practices.
Respondent currently occupies the same apartment he did when he was employed by petitioner, receiving no salary and paying no rent to petitioner. (It should be noted that petitioner has hired a new superintendent, who occupies an apartment in the same building as the respondent.)
Respondent seeks a stay of any final judgment of eviction, claiming severe prejudice if he should be evicted at ti his time, before a final determination of the proceeding before the NYSLRB. He also wishes to pay nothing for use and occupation of the subject premises, alleging that a favorable determination ultimately by the NYSLRB would restore him to this former position, rent free, and that he would likewise be prejudiced by being compelled *495 to pay for use and occupation during this interim period while he is unemployed. Petitioner seeks an immediate final judgment of possession without a stay.
The court naturally need take no position as to respondent and the union’s contentions presented before the NYSLRB, but the court must decide the issues presented by petitioner’s petition in the within proceeding.
Respondent, in support of his position,<■ cites a number of cases, among them, Maguire v Ardea Realty Corp. (279 App Div 904) and Romag Realty Corp. v Saunders (77 Misc 2d 11). The Appellate Division, in Maguire, granted the superintendent’s application for an injunction staying eviction proceedings, while unfair labor charges were pending before the NYSLRB. In Romag, it was held that the Civil Court had the power to grant a stay of eviction pending the determination of the Labor Relations Board. The Maguire case is distinguished from the instant matter. In that case, a hearing had already been held by the Labor Relations Board on the question of unfair labor practices by the owner. Here, only an informal conference has taken place before the NYSLRB.
Perhaps the most apt description of the within case is that “you can’t have your cake and eat it too”, although respondent seeks precisely that situation, i.e., to stay where he is and to pay no remuneration to petitioner.
In Spezio v Sutphin — Flushing Realty Corp. (181 NYS2d 933, 935), the court held that: “It is apparent that plaintiff is entitled to the relief sought. To deny it might cause his eviction and irreparable harm, which the State Labor Relations Board would be unable to cure even if plaintiff’s contentions before it were sustained.”
The court heard testimony in this matter indicating that the rental for similar apartments in this building was approximately $280 per month. I feel that the pending proceedings before the NYSLRB will probably go on for at least several more months.
Accordingly, I fix the sum of $200 per month for use and occupation of Apartment 2T while respondent is in possession and I grant a final judgment of possession to *496 petitioner, with the warrant stayed until June 1, 1981. Respondent is to pay the sum of $200 per month to petitioner for use and occupation, retroactive to January 1, 1981, but to balance the equities and to alleviate respondent’s hardship, as he is currently unemployed, I am directing that he post a $1,000 bond within 10 days of the date of this order, as security for the use and occupation of this apartment (see Spezio v Sutphin — Flushing Realty Corp., supra), in lieu of paying a monthly stipend. Should respondent choose to vacate the premises before June 1, 1981 or should the NYSLRB reach a determination prior to that date, the amount of use and occupation would be pro rated and deducted from the bond.