[No. B136531. Second Dist., Div. One. Mar. 29, 2000.]

GUESS?, INC., Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
KYLE R. KIRKLAND et al., Real Parties in Interest.

554

**COUNSEL**

Mitchell, Silberberg & Knupp, Daniel M. Petrocelli, Robert C. Welsh and David A. Steinberg for Petitioner.

No appearance for Respondent.

Bird, Marella, Boxer & Wolpert, Ronald J. Nessim, Gary S. Lincenberg, Michael R. Hambly, Thomas V. Reichert, Vernita Fairley; Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro, Mark G. Krum and Mark L. Block for Real Parties in Interest.

## OPINION

**VOGEL (Miriam A.), J.**—A defendant answered a complaint but did not allege a right to arbitrate as an affirmative defense, then participated in the discovery process without claiming a right to arbitrate. Three months later, the defendant moved to compel arbitration. The plaintiff cried foul, pointing out that the defendant had known about the arbitration provision at the time this case was filed and served. The trial court said there was no waiver and compelled arbitration. We conclude otherwise on the theory that, in litigation as in life, you can't have your cake and eat it too.[1]

### FACTS

Between 1992 and 1994, Guess?, Inc. and Pour le bebe, Inc. (PLB) entered into four license agreements. Guess gave PLB the right to manufacture and sell baby clothes and other items using Guess's trademarks. PLB agreed to pay royalties to Guess. All four license agreements had mandatory arbitration provisions.

In 1998, PLB retained Kirkland Messina LLC (an investment banking firm) to "assist PLB in the financial turnaround of PLB, in obtaining financing, and in negotiating the sale of PLB." Kirkland, in turn, asked Guess to forgive PLB's obligation to pay royalties that were then due under the license agreements. Negotiations ensued but failed, and Guess ultimately terminated the license agreements. In May 1999, Guess initiated arbitration proceedings to recover the royalties due from PLB. The Guess/PLB

---

[1]See *Koerner v. American Express Co.* (5th Cir. 1980) 615 F.2d 191, 192 (we "base our holding primarily on a principle almost as old as flour: You cannot have your cake and eat it too"); *Milevoi v. Alamilla* (1981) 107 Misc.2d 493, 495 [435 N.Y.S.2d 246, 248] (perhaps "the most apt description of the within case is that 'you can't have your cake and eat it too' "); *First Trust Co. of Albany v. Dumary* (1940) 23 N.Y.S.2d 532, 536 (there "is an old maxim that, 'you can't have your cake and eat it too', and this bit of wisdom is strictly applicable to defendant in this action"); *Beckham v. United States* (1967) 375 F.2d 782, 784 [179 Ct.Cl. 539] (the statute at issue allowed the Navy "to disregard the time-honored epigram that you cannot have your cake and eat it too"); see also *U.S. v. McDougal* (8th Cir. 1998) 137 F.3d 547, 556; *Bauman v. Day* (Alaska 1995) 892 P.2d 817, 821.

arbitration proceedings are still pending before the American Arbitration Association.

On June 9, Guess sued Kirkland (and others included in our subsequent references to Kirkland), alleging intentional interference with contractual relations and prospective economic advantage, unfair competition, and various forms of fraud. The long and the short of this lawsuit is Guess's assertion that, to Guess's economic detriment, Kirkland acted to further its own economic interests. Guess is not asking Kirkland to pay the royalties owed by PLB. There is no cause of action alleging a breach of any contract.

On July 9, Kirkland answered Guess's complaint with a general denial. Eight affirmative defenses were alleged in conclusory terms, but none of them mentioned the word "arbitration" or referred in any way to an arbitration agreement. Later in July, Guess commenced discovery. It served document demands and interrogatories on Kirkland, and scheduled more than 10 third-party depositions. Although Kirkland objected on a variety of grounds, Kirkland did not mention the word "arbitration" or assert a right to arbitrate the claims asserted by Guess in this lawsuit.

On August 18, Kirkland filed a motion to stay Guess's lawsuit pending the resolution of the Guess/PLB arbitration (but Kirkland did not suggest that this lawsuit ought to be arbitrated). Kirkland conceded that it was not a party to the Guess/PLB arbitration, and conceded it was not a party to the license agreements, but claimed that this lawsuit arose from the same transactions at issue in the Guess/PLB arbitration. Kirkland suggested there was a possibility that the decision in the Guess/PLB arbitration might have some sort of collateral estoppel effect in this case. Guess opposed the motion for a stay, and it was denied by the trial court (Hon. Valerie L. Baker) on September 3, on the ground that the collateral estoppel arguments "lack[ed] merit." At least four third-party depositions were conducted during September, with Kirkland's full participation.

On October 1, Kirkland moved to compel arbitration in this case, claiming it had negotiated with Guess as PLB's "agent" and that it was therefore entitled to the benefit of the arbitration provisions in Guess's license agreements with PLB. Guess opposed the motion, pointing out that it had sued Kirkland for Kirkland's own wrongs, not on a theory of derivative liability, and contending that, in any event, Kirkland had by its delay in raising the point waived whatever right it may otherwise have had to arbitrate this dispute. The trial court (Hon. Patricia L. Collins) granted Kirkland's motion. Guess then filed a petition for a writ of mandate in which it asked us to compel the trial court to vacate its order. We issued an alternative writ of mandate.

## DISCUSSION

 Guess contends its dispute with Kirkland is not subject to the arbitration provisions in PLB's license agreements. In the alternative, Guess contends Kirkland's failure to timely assert a right to arbitrate operates as a waiver of whatever right Kirkland might have had. We agree with the waiver argument and therefore do not discuss or decide whether, had it timely raised the issue, Kirkland could have compelled Guess to arbitrate the claims that are the subject of this lawsuit.

 Although a written agreement to arbitrate an existing or future dispute is generally enforceable, a petition to compel arbitration will be denied when the right has been waived by the proponent's failure to properly and timely assert it. (Code Civ. Proc., §§ 1281, 1281.2, subd (a).) This may happen in a variety of contexts, ranging from situations in which the proponent of arbitration has previously taken steps inconsistent with an intent to invoke arbitration, to instances in which the proponent has unreasonably delayed in undertaking the procedure. There is no single determinative test of waiver, and the question for the trial court is one of fact. For us, the question is whether the trial court's decision is supported by substantial evidence. If it is, we must affirm. If not, we may decide the issue as a matter of law. (*Davis v. Blue Cross of Northern California* (1979) 25 Cal.3d 418, 425-426 [158 Cal.Rptr. 828, 600 P.2d 1060]; *Christensen v. Dewor Developments* (1983) 33 Cal.3d 778, 781-782 [191 Cal.Rptr. 8, 661 P.2d 1088].) In this case, all of the evidence points to waiver. (*Van Ness Townhouses v. Mar Industries Corp.* (9th Cir. 1988) 862 F.2d 754, 758 [the right to arbitrate is waived when its proponent, with knowledge of an existing right to compel arbitration, acts inconsistently with the right, thereby causing prejudice to the other party].)

 First, Kirkland has known about the arbitration provisions in PLB's license agreements since before this lawsuit was filed and served. During all that time, Kirkland has known that Guess invoked those arbitration provisions to resolve its dispute with PLB. Indeed, the same lawyers representing Kirkland in this action (filed and served in June 1999) have, since July 1999, been representing PLB in its arbitration with Guess. Kirkland has nevertheless failed to offer any explanation for its decision to defer for three months its demand for arbitration. (*Van Ness Townhouses v. Mar Industries Corp., supra,* 862 F.2d at p. 758.)

Second, Kirkland did not plead its purported right to arbitrate as an affirmative defense. (*Ross v. Blanchard* (1967) 251 Cal.App.2d 739, 742 [59 Cal.Rptr. 783] ["an agreement to arbitrate is an affirmative defense"];

*California Academy of Sciences v. County of Fresno* (1987) 192 Cal.App.3d 1436, 1442 [238 Cal.Rptr. 154] [a failure to plead an affirmative defense constitutes a waiver of that defense]; *Fisher v. A.G. Becker Paribas Inc.* (9th Cir. 1986) 791 F.2d 691, 698 [under the Federal Arbitration Act, a failure to plead arbitration as an affirmative defense is insufficient "by itself" to constitute waiver].) At a minimum, the failure to plead arbitration as an affirmative defense is an act inconsistent with the later assertion of a right to arbitrate.

Third, Kirkland's other conduct in this lawsuit is wholly inconsistent with its present desire to arbitrate. Kirkland moved for a stay, claiming an altruistic interest in judicial economy. When that effort failed, Kirkland fully participated in the discovery process, objecting to Guess's interrogatories and demands for production on a variety of grounds, but never once suggesting that discovery should be barred because this dispute had to be arbitrated. Kirkland sent two sets of lawyers to the third-party depositions and took full advantage of every opportunity to cross-examine the deponents, but did not suggest that depositions were inappropriate because this dispute had to be arbitrated. For four months, Kirkland remained mute on the subject of arbitration but vocal, in court and out, on the subject of its other objections to Guess's discovery demands, taking full advantage of the opportunity to test the validity of Guess's claims, both legally and factually, primarily at Guess's expense. For these reasons, it is immaterial that it was Guess, not Kirkland, that initiated the discovery. It is the manner in which Kirkland responded that matters, and it was Kirkland's response that was inconsistent with its present claim of a right to arbitrate. (*McMillin Development, Inc. v. Home Buyers Warranty* (1998) 68 Cal.App.4th 896, 910 [80 Cal.Rptr.2d 611].)

Fourth, Kirkland's conduct caused prejudice to Guess. Guess has been exposed to the substantial expense of pretrial discovery and motions that would have been avoided had Kirkland timely and successfully asserted a right to arbitrate. Through its use of the discovery process, Guess has disclosed at least some of its trial tactics to Kirkland, certainly more so than would have been required in the arbitral arena. Through Kirkland's delay—which it has not even *tried* to explain—Guess has lost whatever efficiencies that would otherwise have been available to it through arbitration. Simply put, " '[t]he courtroom may not be used as a convenient vestibule to the arbitration hall so as to allow a party to create his own unique structure combining litigation and arbitration.' " (*Christensen v. Dewor Developments, supra,* 33 Cal.3d at p. 784, quoting *De Sapio v. Kohlmeyer* (1974) 35 N.Y.2d 402 [362 N.Y.S.2d 843, 321 N.E.2d 770, 773].)

There is no evidence to the contrary, and thus no evidence to support the trial court's refusal to find waiver.[2] It follows ineluctably that Kirkland's motion to compel arbitration should have been denied. (*Sobremonte v. Superior Court* (1998) 61 Cal.App.4th 980, 995 [72 Cal.Rptr.2d 43].)

## DISPOSITION

The petition is granted. Let a peremptory writ of mandate issue compelling the trial court (1) to vacate its order of October 19, 1999, granting Kirkland's motion to compel arbitration and (2) to enter a new order denying Kirkland's motion to compel arbitration and setting the case back on track for trial. Guess is awarded its costs of these writ proceedings.

Spencer, P. J., and Masterson, J., concurred.

A petition for a rehearing was denied April 18, 2000, and the petition of real parties in interest for review by the Supreme Court was denied July 12, 2000.

---

[2] It is undisputed that Guess has spent more than $150,000 litigating this case. It is undisputed that four third-party depositions were taken, another 11 arranged. It is undisputed that, before Kirkland filed its motion to compel arbitration, Guess disclosed the names of relevant witnesses, identified relevant documents, and revealed at least some of its theories and tactics. The dates of the various events described in the text are undisputed. In short, there is no evidence at all to support any conclusion except waiver.