Filed 3/12/21  M&M Itach Group v. Burnett CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| M&M ITACH GROUP, INC., | |
| Plaintiff and Respondent, | G058395 |
| v. | (Super. Ct. No. 30-2018-00995318) |
| BENJAMIN N. BURNETT et al., | O P I N I O N |
| Defendants and Appellants. | |

Appeal from an order of the Superior Court of Orange County, Glenn R. Salter, Judge.  Affirmed.

Benjamin N. Burnett and Shelley C. Burnett in pro. per. for Defendants and Appellants.

The Law Office of Yossi Noudel and Yossi Noudel for Plaintiff and Respondent.

This case arises out of a construction dispute after a residential remodel. Contractor M&M Itach Group, Inc. (Contractor) and homeowners Benjamin and Shelley Burnett (collectively Homeowners or individually by their first names) [1] entered into a contract for a construction project. Things did not go as planned, and in 2018, the Contractor filed a complaint against the Homeowners. In April 2019, the parties reached a settlement and executed a stipulated judgment, to be entered at the end of August 2019, if Homeowners did not make the agreed upon payment. Just days before the deadline, Benjamin filed a petition to compel arbitration (Petition). The Homeowners did not make their payment and the stipulated judgment was then filed with the trial court in September 2019. Thereafter, the court denied the Petition. We agree with the trial court that "[w]hatever may have been the merits of a petition for arbitration pre-settlement and pre-judgment, any right of the [Homeowners] to compel arbitration here has now been waived." Accordingly, we affirm the court's order denying the Homeowner's Petition.

FACTS

In 2017, Contractor and Homeowners entered into a home improvement contract (contract) to remodel the Homeowners' residence, which contained an arbitration clause. In May 2018, Contractor filed a complaint against Homeowners asserting eight causes of action: breach of contract, services rendered, unjust enrichment, quantum meruit, open book account, foreclosure of mechanics' lien, intentional misrepresentation, and negligent misrepresentation. At the root of the complaint was an allegation Homeowners breached the contract by failing to pay $92,715 for services rendered by Contractor.

On April 12, 2019, Homeowners signed a stipulated judgment. The judgment settled the matter between the parties and provided, "Judgment shall be entered against [Homeowners] and in favor of [Contractor] on the Complaint for damages in the

---

[1] We refer to the Homeowners individually by their first names for ease of reference and intend no disrespect.

amount [of $70,000 plus interest]. [Contractor] shall not file this Stipulation with the Court nor pursue entry of [j]udgment and collection actions unless [Homeowners] fail to make the agreed payment . . . . [¶] . . . on or before August 30, 2019." Both Homeowners signed the judgment. Homeowners did not pay Contractor the agreed upon amount. On September 10, 2019, Contractor filed the stipulated judgment with the trial court.

On August 22, 2019, Benjamin filed a petition to compel arbitration. The trial court denied the petition, explaining: "[Benjamin] waived any right to arbitrate this matter. [¶] A defendant must raise the arbitration provision as an affirmative defense and must promptly seek to compel arbitration. . . . Here, no affirmative defenses were raised in [Benjamin's] Answer, just a 'reservation' of the right to allege them later. Even his wife's Answer did not raise any such affirmative defense even though she pled 31 affirmative defenses. [¶] . . . [¶] Waiting four months after a stipulation for entry of judgment has been signed to first petition to compel arbitration is, on its face, too late and constitutes a waiver as a matter of law. [Citation.]"

## DISCUSSION

Homeowners assert the trial court erred by denying the Petition. Specifically, they assert the court improperly allowed counsel for Contractor to testify and point to the fact the parties did not engage in discovery as proof the parties agreed to arbitrate the matter. We are not persuaded. The trial court properly denied the Petition.

I. *Standing*

As an initial matter, Contractor contends Shelley lacks standing in this appeal because only Benjamin, not Shelley, filed the Petition. We agree.

The petition lists only Benjamin as the petitioner. It refers to "petitioner" in the singular, and Benjamin alone signed it. Additionally, Benjamin's declaration in support of the Petition states, "I am the Petitioner in this action," and only Benjamin signed the attached exhibit including the arbitration agreement. Indeed, the trial court recognized Benjamin was the sole petitioner by referring only to him in its order.

3

Because Shelley did not file a petition to compel arbitration, or join in the Petition at issue, she was not aggrieved by the trial court's order and therefore lacks standing in this appeal. (Code Civ. Proc., § 902 ["Any party aggrieved may appeal in the cases prescribed in this title"].)[2]

II. *Waiver of Arbitration Provision*

Benjamin contends the trial court incorrectly denied his Petition. He implies, through hypotheticals unsupported by legal or factual citations, that Homeowners were somehow coerced into signing the stipulated judgment. He also asserts the court erred by allowing Contractor's counsel to testify[3] and because no discovery was conducted. His arguments have no merit.

Section 1281.2, provides in pertinent part as follows: "On petition of a party to an arbitration agreement alleging the existence of a written agreement to arbitrate a controversy and that a party to the agreement refuses to arbitrate that controversy, the court shall order the petitioner and the respondent to arbitrate the controversy if it determines that an agreement to arbitrate the controversy exists, unless it determines that: [¶] (a) The right to compel arbitration has been waived by the petitioner." Accordingly, the right to arbitrate is not absolute and may be waived expressly or by implication. (*St. Agnes Medical Center v. PacifiCare of California* (2003) 31 Cal.4th 1187, 1195 (*St. Agnes*).)

While no specific waiver test exists, ""'In the past, California courts have found a waiver of the right to demand arbitration in a variety of contexts, ranging from situations in which the party seeking to compel arbitration has previously taken steps

---

[2]        All further statutory references are to the Code of Civil Procedure.

[3]        Benjamin asserts Contractor's counsel was improperly allowed to "testify" at the hearing on the Petition without being placed under oath or allowing Homeowners to "cross-examine" him. We have reviewed the reporter's transcript. Counsel properly appeared for his client, not as a witness, and as an officer of the court did not need to be under oath and certainly could not be cross-examined.

inconsistent with an intent to invoke arbitration [citations] to instances in which the petitioning party has unreasonably delayed in undertaking the procedure. [Citations.] The decisions likewise hold that the 'bad faith' or 'willful misconduct' of a party may constitute a waiver and thus justify a refusal to compel arbitration. [Citations.]'" [Citations.]" (*St. Agnes*, *supra*, 31 Cal.4th at p. 1196.) "In determining waiver, a court can consider '(1) whether the party's actions are inconsistent with the right to arbitrate; (2) whether "the litigation machinery has been substantially invoked" and the parties "were well into preparation of a lawsuit" before the party notified the opposing party of an intent to arbitrate; (3) whether a party either requested arbitration enforcement close to the trial date or delayed for a long period before seeking a stay; (4) whether a defendant seeking arbitration filed a counterclaim without asking for a stay of the proceedings; (5) "whether important intervening steps [e.g., taking advantage of judicial discovery procedures not available in arbitration] had taken place"; and (6) whether the delay "affected, misled, or prejudiced" the opposing party. [Citations.]' [Citation.]" (*Sobremonte v. Superior Court* (1998) 61 Cal.App.4th 980, 992.) "Generally, the determination of waiver is a question of fact, and the trial court's finding, if supported by sufficient evidence, is binding on the appellate court. [Citations.]" (*St. Agnes*, *supra*, 31 Cal.4th at p. 1196.)

In this instance, the trial court correctly concluded Benjamin waived the arbitration provision. This waiver occurred on at least two grounds: conduct inconsistent with an intent to arbitrate and unreasonable delay by seeking enforcement close to the trial date. We address each in turn.

A. *Conduct Inconsistent with an Intent to Arbitrate*

First, Benjamin answered the complaint but did not plead his claimed right to arbitrate as an affirmative defense. "At a minimum, the failure to plead arbitration as an affirmative defense is an act inconsistent with the later assertion of a right to arbitrate. (*Guess?, Inc. v. Superior Court* (2000) 79 Cal.App.4th 553, 558.) Second, the parties

5

proceeded with litigation, engaged in settlement discussions, and executed a stipulated judgment. This behavior is inconsistent with an intent to arbitrate.

Finally, Benjamin claims the parties did not engage in discovery and asserts this fact is determinative in his favor. Contractor asserts in its briefing, without citation to the record, that it propounded discovery. It is unclear from the record whether the parties engaged in any discovery, and as a result, we cannot weigh this factor one way or another. In any event, contrary to Benjamin's assertion, whether discovery was propounded is not, on its own, determinative.

B. *Unreasonable Delay*

"'[A] demand for arbitration must not be unreasonably delayed. . . . [A] party who does not demand arbitration within a reasonable time is deemed to have waived the right to arbitration. [Citations.]'" (*Sobremonte*, *supra*, 61 Cal.App.4th at p. 992.) Indeed, "a party's unreasonable delay in demanding or seeking arbitration, in and of itself, may constitute a waiver of a right to arbitrate." (*Burton v. Cruise* (2010) 190 Cal.App.4th 939, 945 (*Burton*).)

In *Lewis v. Fletcher Jones Motor Cars, Inc.* (2012) 205 Cal.App.4th 436, 446, a different panel of this court affirmed the trial court's denial of a petition to arbitrate based upon waiver where defendant waited five months after the filing of the complaint to move to compel arbitration. Similarly, in *Burton* another panel of this court affirmed an order denying plaintiff's petition to compel arbitration where plaintiff did not seek to enforce the arbitration agreement for 11 months, "taking action only weeks before the scheduled trial date." (*Burton*, *supra*, 190 Cal.App.4th at p. 949.)

Benjamin filed the Petition nearly one year and three months into the litigation, over four months after the stipulated judgment was signed, and approximately one week before the deadline for the filing of the stipulated judgment. Contractor's briefing on appeal asserts the Petition caused it serious prejudice by not allowing it to enforce the judgment and the mechanic's lien. Benjamin does not address this issue. On

6

these facts, however, "an egregious delay may result in prejudice. As the Supreme Court explained in *St. Agnes*, prejudice is typically found where 'the petitioning party's conduct has substantially undermined [the] important public policy [in favor of arbitration] or substantially impaired the other side's ability to take advantage of the benefits and efficiencies of arbitration.' [Citation.]" (*Burton*, *supra*, 190 Cal.App.4th at p. 947.)

## DISPOSITION

The order is affirmed. Contractor shall recover its costs on appeal.


O'LEARY, P. J.

WE CONCUR:


MOORE, J.


IKOLA, J.

7