Filed 7/20/21  Pacheco v. Baronhr CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| JOSH ALEXANDER PACHECO, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> BARONHR, LLC., <br><br> Defendant and Appellant. | B302687 <br><br> (Los Angeles County Super. Ct. No. BC722440) |

APPEAL from an order of the Superior Court of Los Angeles County, Dennis J. Landin, Judge.  Reversed with directions.

Eric M. Welch, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

—————————

BaronHR, LLC appeals from the trial court's denial of its motion to compel arbitration.  The trial court found BaronHR waived its right to compel arbitration based on Code of Civil

Procedure section 1281.5, subdivision (b),[1] as well as the factors set forth in *St. Agnes Medical Center v. Pacificare* (2003) 31 Cal.4th 1187 (*St. Agnes*), by waiting a year following the filing of the complaint and participating in the litigation before moving to compel arbitration. Substantial evidence does not support the trial court's ruling, and we reverse.[2]

## FACTUAL AND PROCEDURAL BACKGROUND[3]

A.  *Pacheco's Employment*

In January 2017 BaronHR a temporary staffing agency, placed Pacheco with Holiday Inn Express as a maintenance worker. On June 15, 2017 Pacheco and BaronHR entered into a written agreement to arbitrate all claims. The agreement, written in both English and Spanish, provides that BaronHR and Pacheco "mutually agree that they shall resolve by final and binding arbitration any and all claims or controversies for which a court or other governmental dispute resolution forum otherwise would be authorized by law to grant relief, in any way arising out

---

[1]  All further undesignated statutory references are to the Code of Civil Procedure.

[2]  Pacheco initially appeared through counsel. However, his attorney withdrew as counsel, and Pacheco did not file a respondent's brief.

[3]  BaronHR designated an incomplete record on appeal. To assist our review, on our own motion we augment the record to include the complaint, BaronHR's answer, the declaration of Angie Munguia in support of BaronHR's motion to compel arbitration, Pacheco's opposition to the motion, and the declaration of Aaron Eslamboly in opposition to the motion. (Cal. Rules of Court, rule 8.155(a)(1)(A).)

of, relating to, or associated with Employee's application for employment with Employer, Employee's employment with Employer, or the termination of any such employment." The arbitration agreement provided it was "governed by and enforceable under the Federal Arbitration Act."

Pacheco was terminated from his employment at Holiday Inn Express in September 2017.

B.      *This Action*

On September 19, 2018 Pacheco filed a complaint against BaronHR, Holiday Inn Express, and other corporate and individual defendants[4] alleging, among other claims, violations of the California Fair Employment and Housing Act (Gov. Code, § 12900 et seq.) relating to an alleged disability, breach of contract, and wrongful termination. Pacheco alleged that while working at Holiday Inn Express he "was subjected to dangerous and unsafe working conditions," suffered significant workplace injuries, and was later terminated as a result of the injuries.

BaronHR filed an answer to the complaint on November 8, 2018. The sixth affirmative defense states, "The Complaint, and each purported cause of action contained therein, is barred by arbitration because Plaintiff Josh Pacheco validly executed an Arbitration Agreement in June 2017 with Defendant BaronHR, LLC." BaronHR filed a case management statement on December 19, 2018.

On February 21, 2019 Pacheco served BaronHR with two sets of form interrogatories, special interrogatories, and requests for production of documents. Pacheco also served written discovery on the other defendants. BaronHR responded to the

---

[4]      Only BaronHR is a party to this appeal.

3

discovery, but its discovery responses included mostly objections. The parties engaged in a meet and confer process, followed by an informal discovery conference. The informal discovery conference was unsuccessful, and Pacheco filed six motions to compel discovery.

The parties attended a mediation on June 12, 2019, but they were unable to resolve the matter. On July 29, 2019 the parties attended a postmediation status conference, at which the trial court ordered BaronHR to file its motion to compel arbitration. BaronHR filed its motion on August 5, 2019, setting a hearing date for August 27, but the trial court granted Pacheco's ex parte application to strike the motion for lack of sufficient notice. BaronHR refiled its motion on August 16, 2019, setting a November 4, 2019 hearing date. The parties attended status conferences on August 27, September 11, and October 16, 2019.

C.     *BaronHR's Motion To Compel Arbitration*

In its motion to compel arbitration, BaronHR asserted Pacheco signed an arbitration agreement, his claims fell within the scope of the agreement, the agreement was not unconscionable, and arbitration was mandatory under the Federal Arbitration Act, 9 U.S.C. § 1 et seq.

In his opposition, Pacheco argued BaronHR waived its right to compel arbitration because BaronHR failed to file its motion within 30 days of service of the complaint, in violation of section 1281.5, subdivision (b), and after BaronHR filed its answer, in violation of section 1281.5, subdivision (c). Further, BaronHR waited for over a year after the complaint was filed and just three months before trial to file its motion. Pacheco also argued BaronHR had invoked the "litigation machinery" by

4

responding to Pacheco's discovery, engaging in meet and confer efforts, and attending mediation and status conferences. Pacheco did not dispute he signed the arbitration agreement, but he asserted the arbitration agreement was unconscionable, and that compelling arbitration with BaronHR, but not the other non-signatory defendants, risked inconsistent rulings.

In its reply, BaronHR argued the agreement was not unconscionable and, in any event, any unconscionable provisions could be severed. As to waiver, BaronHR asserted "Plaintiff was well informed of the existence of the arbitration agreement, as it was repeatedly brought to his attention during the early mediation, Defendant's discovery responses which indicated the existence of the arbitration agreement, and Informal Discovery Conference, wherein Defendant BaronHR, LLC informed this Court and Plaintiff relating to same."

At the outset of the November 4, 2019 hearing, the trial court indicated its "inclination is to deny that motion because it was not filed in a timely fashion, and considering the factors in the *Saint Agnes* case, they all seem to weigh in favor of denying the motion." BaronHR's attorney argued the motion "was timely brought in accordance with the formal discovery conference and a date set for BaronHR . . . to file the motion to compel arbitration." Further, BaronHR asserted its discovery responses only preserved its objections and it consistently asserted in its answer, case management statement, informal discovery conference, and mediation that there was an arbitration agreement. BaronHR's attorney also argued there was a valid arbitration agreement covering the disputes in the case and the agreement was not unconscionable.

Pacheco's attorney responded that the motion was untimely because it was not filed before the answer or within 30 days of

filing the complaint.  Further, although BaronHR made the court and Pacheco aware of the arbitration agreement, it failed to file the motion, and "[w]e've been litigating this case for a full year since August of 2018."

BaronHR's attorney replied that "the reason that there was a delay in bringing this motion for the most part was because we engaged in mediation for the first six months of—we were preparing for mediation and we were engaged in mediation with the plaintiff with regard to this matter.  And as soon as that did not work out, we brought the motion as timely as we could."

The trial court denied the motion, explaining, "I'm going to stick with my tentative thoughts on this matter and deny the motion due to its untimely filing. . . . The statute involved here is [section 1281.5, subdivision (b)], which has been discussed in the moving papers.  And as I mentioned . . .  in the *Saint Agnes* case . . . and using those factors, they weigh in favor of . . . denying the motion to arbitrate."

## DISCUSSION

A.    *Waiver of the Right To Arbitration*

"A motion to compel arbitration is properly denied when the moving party has waived its right to do so." (*Spracher v. Paul M. Zagaris, Inc.* (2019) 39 Cal.App.5th 1135, 1137; accord, *Guess?, Inc. v. Superior Court* (2000) 79 Cal.App.4th 553, 557; see § 1281.2 [upon a petition to compel arbitration, "the court shall order the petitioner and the respondent to arbitrate the controversy if it determines that an agreement to arbitrate the controversy exists, unless it determines that:  [¶]  (a)  The right to compel arbitration has been waived by the petitioner"].)  The Federal Arbitration Act and California law apply the same

6

standards for determining whether a party has waived the right to seek arbitration.  (*Lewis v. Fletcher Jones Motor Cars, Inc.* (2012) 205 Cal.App.4th 436, 444 (*Lewis*).)

The party seeking to compel arbitration bears the burden of proving by a preponderance of the evidence an agreement to arbitrate a dispute exists; the party opposing arbitration bears the burden of proving any defense (such as unconscionability or waiver).  (*Pinnacle Museum Tower Assn. v. Pinnacle Market Development (US), LLC* (2012) 55 Cal.4th 223, 236; *Rosenthal v. Great Western Fin. Securities Corp.* (1996) 14 Cal.4th 394, 413 ["If the party opposing the petition raises a defense to enforcement—either fraud in the execution voiding the agreement, or a statutory defense of waiver or revocation (see § 1281.2, subds. (a), (b))—that party bears the burden of producing evidence of, and proving by a preponderance of the evidence, any fact necessary to the defense."].)  "[A] party who resists arbitration on the ground of waiver bears a heavy burden [citations], and any doubts regarding a waiver allegation should be resolved in favor of arbitration."  (*St. Agnes*, *supra*, 31 Cal.4th at p. 1195; accord, *Cox v. Bonni* (2018) 30 Cal.App.5th 287, 303 (*Cox*); *Gloster v. Sonic Automotive, Inc.* (2014) 226 Cal.App.4th 438, 447 (*Gloster*).)  Generally, a determination of waiver is a question of fact, and we will affirm the trial court's finding if supported by substantial evidence.  (*St. Agnes*, at p. 1196; accord, *Spracher v. Paul M. Zagaris, Inc., supra*, 39 Cal.App.5th at p. 1137.)  But where the evidence is undisputed and only one reasonable inference may be drawn, the question is one of law.  (*St. Agnes*, at p. 1196.)

In assessing a waiver claim, a trial court may consider six factors:  "'"(1) whether the party's actions are inconsistent with the right to arbitrate; (2) whether 'the litigation machinery has

7

been substantially invoked' and the parties 'were well into preparation of a lawsuit' before the party notified the opposing party of an intent to arbitrate; (3) whether a party either requested arbitration enforcement close to the trial date or delayed for a long period before seeking a stay; (4) whether a defendant seeking arbitration filed a counterclaim without asking for a stay of the proceedings; (5) 'whether important intervening steps [e.g., taking advantage of judicial discovery procedures not available in arbitration] had taken place'; and (6) whether the delay 'affected, misled, or prejudiced' the opposing party."'" (*St. Agnes*, *supra*, 31 Cal.4th at p. 1196; accord, *Cox, supra*, 30 Cal.App.5th at p. 303.)

Although the trial court may consider all six factors, no single test determines the nature of the conduct that constitutes a waiver of arbitration. (*St. Agnes*, *supra*, 31 Cal.4th at p. 1195.) However, the presence or absence of prejudice from litigation of the dispute is "determinative" under federal law and "critical" under state law. (*Id.* at p. 1203; accord, *Gloster, supra*, 226 Cal.App.4th at p. 448 ["'[W]hether litigation results in prejudice to the party opposing arbitration is critical in waiver determinations.'"]; *Hoover v. American Income Life Ins. Co.* (2012) 206 Cal.App.4th 1193, 1205 ["The presence or absence of prejudice from the litigation is a determinative issue."].) "'"The moving party's mere participation in litigation is not enough; the party who seeks to establish waiver must show that some prejudice has resulted from the other party's delay in seeking arbitration."'" (*Lewis, supra*, 205 Cal.App.4th at p. 451; accord, *Gloster*, at p. 448.) Nor does the expenditure of funds by the opposing party to litigate the case establish prejudice. (*St. Agnes*, at p. 1203 ["[C]ourts will not find prejudice where the party opposing arbitration shows only that it incurred court costs and

8

legal expenses."]; *Cox, supra*, 30 Cal.App.5th at p. 304 ["The fact that plaintiff expended money and resources in the trial court does not establish prejudice."].) Rather, the party claiming waiver must show "substantial expense and delay were caused by the *unreasonable* or *unjustified* conduct of the party seeking arbitration." (*Iskanian v. CLS Transportation Los Angeles, LLC* (2014) 59 Cal.4th 348, 377.)

B.   *Substantial Evidence Does Not Support the Trial Court's Finding That BaronHR Waived Its Right To Arbitration*

BaronHR contends the trial court erred in finding waiver under the *St. Agnes* factors based on BaronHR's delay of more than a year in filing its motion to compel arbitration. We agree substantial evidence does not support the trial court's finding.[5]

As to the first *St. Agnes* factor, BaronHR's conduct in the litigation was not inconsistent with its right to arbitrate. (*St. Agnes*, *supra*, 31 Cal.4th at p. 1196.) BaronHR asserted its right to arbitrate from the outset of the litigation, raising the arbitration agreement as an affirmative defense in its answer and in its discovery responses. Thus, Pacheco was well aware that BaronHR sought to arbitrate its claims. As to the second factor, BaronHR did not substantially invoke the "litigation

---

[5]   The trial court also incorrectly relied on section 1281.5, subdivision (b), in denying the motion to compel arbitration. That section applies only to actions to enforce a mechanic's lien, not at issue here. (See § 1281.5, subd. (a) [setting requirements for "[a]ny person who proceeds to record and enforce a claim of lien . . . ."]; *Crown Homes, Inc. v. Landes* (1994) 22 Cal.App.4th 1273, 1281 ["section 1281.5, subdivision (b) provides for a special waiver rule that comes into play when a party fails to seek arbitration of a dispute subject to a mechanic's lien"].)

9

machinery." (*Ibid*.)  Although BaronHR participated in several status conferences, an informal discovery conference, and a one-day mediation, it did not file any motions (other than to compel arbitration), nor did it propound discovery.  Pacheco pointed out in the trial court that BaronHR had responded to his discovery, but according to BaronHR, it only preserved its objections, asserting its right to arbitrate.

As to the third factor, BaronHR delayed almost a year before filing its motion to compel arbitration, and the hearing was three months before the scheduled trial date.  (*St. Agnes*, *supra*, 31 Cal.4th at p. 1196.)  But Pacheco failed to show prejudice from the delay or that BaronHR gained a litigation advantage from using judicial procedures not available in arbitration (the fifth and sixth factors).[6]  (See *id*. at pp. 1203-1205 [reversing trial court finding of waiver where party delayed four months before filing petition to compel arbitration, but the parties did not litigate the merits or take discovery, and there was no prejudice to opposing party other than the costs incurred in responding to petitioner's motion to change venue]; *Gloster, supra*, 226 Cal.App.4th at pp. 442, 449-450 [reversing trial court order finding waiver where defendants waited a year to file petition to compel arbitration, but they pleaded right to arbitration as affirmative defense and asserted intent to file petition in their case management statement, and opposing party suffered no prejudice other than costs of litigation]; cf. *Lewis, supra*, 205 Cal.App.4th at p. 451 [affirming trial court's finding of waiver where moving defendant filed three demurrers, two motions to strike, and three motions to compel discovery

---

[6]     BaronHR also did not file a counterclaim without requesting a stay of the proceeding (the fourth factor).

responses and refused to extend deadline for plaintiff to file discovery motions].)

Further, Pacheco failed to show BaronHR's conduct in delaying the filing of the motion was unreasonable.  To the contrary, as counsel for BaronHR explained at the hearing, the delay resulted from an effort to settle the case over a six-month period, culminating in an unsuccessful mediation, and "as soon as that did not work out, [BaronHR] brought the motion as timely as [it] could."[7]

## DISPOSITION

---

[7] Although the trial court did not reach Pacheco's argument the arbitration agreement was unconscionable, Pacheco has not filed a respondent's brief presenting any other basis on appeal for affirming the trial court's order.

The November 4, 2019 order denying BaronHR's motion to compel arbitration is reversed.  The trial court is directed on remand to vacate its order denying BaronHR's motion to compel arbitration and to enter a new order granting the motion. BaronHR is to bear its own costs on appeal in the interest of justice.


FEUER, J.

We concur:


SEGAL, Acting P. J.


McCORMICK, J.*


\*      Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.