Filed 11/29/22  Russell v. Five Star Home Health CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| EVELIN RUSSELL,<br><br>    Plaintiff and Respondent,<br><br>       v.<br><br>FIVE STAR HOME HEALTH, INC. et al.,<br><br>    Defendants and Appellants. | B307230<br><br>(Los Angeles County<br> Super. Ct. No. 18STCV06073) |

APPEAL from an order of the Superior Court of Los Angeles County.  Randolph M. Hammock, Judge.  Affirmed.

Bent Caryl & Kroll and Steven M. Kroll for Defendants and Appellants.

JML Law, Joseph M. Lovretovich, Nicholas W. Sarris, Jennifer A. Lipski and Brooke C. Bellah for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

Defendants and appellants Five Star Home Health, Inc. and Anthony Nieves appeal from the denial of their motion to compel arbitration. The trial court found defendants waived their right to compel arbitration of plaintiff and respondent Evelin Russell's employment discrimination claim. We find substantial evidence supports that ruling and therefore affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges she is the victim of workplace sexual harassment and discrimination. Plaintiff and Nieves were dating when he hired her in August 2016 to work as the office manager of his company, Five Star Home Health, Inc. The harassment began almost a year later after plaintiff ended her personal relationship with Nieves. Plaintiff alleges Nieves initially begged and pressured her to resume their relationship. When she refused, Nieves then began to harass and disparage her at work, ultimately firing her in or about August 2017. Plaintiff filed an administrative complaint with the Department of Fair Employment and Housing in June 2018.

On November 26, 2018, plaintiff filed this action, alleging four statutory claims pursuant to the Fair Employment and Housing Act (FEHA; Gov. Code, § 12940 et seq.) and a common law claim for wrongful termination in violation of public policy.

In December 2018, before filing a responsive pleading, defendants served written discovery requests on plaintiff, including two sets of interrogatories, requests for admissions and a request for production of documents. Plaintiff responded and served written discovery on Five Star Home Health. Five Star Home Health responded to plaintiff's discovery.

On February 28, 2019, the parties attended a case management conference. Both plaintiff and defendants

demanded trial by jury. At no time did defendants raise, orally or in writing, the existence of an arbitration agreement or otherwise state any intention to move to compel arbitration. The court set trial for May 11, 2020.

Also in February 2019, defense counsel prepared and signed defendants' answer to plaintiff's complaint. However, the answer was not filed or served until August 2019. There is nothing in the record to explain defendants' six-month delay in filing and serving the answer. Defendants' answer asserts 17 affirmative defenses but does not set forth any defense based on the existence of a binding arbitration agreement between the parties.

Additional discovery ensued. Plaintiff propounded written discovery on Nieves, who served responses thereto, and defendants served a subpoena on third party Accredited Home Care, plaintiff's new employer. In February and early March 2020, both plaintiff and Nieves were deposed.

Plaintiff admitted in her deposition that during her tenure as office manager she assisted Nieves in revising the company's employee handbook and arbitration agreement. She could not recall however whether she ever signed an arbitration agreement herself.

On March 23, 2020, less than two months before trial, defendants filed their motion to compel arbitration. In a supporting declaration, Nieves said he was unable to locate any arbitration agreement signed by plaintiff in her personnel file, but that he recalled she did sign one when he hired her. An unsigned sample arbitration agreement was attached as an exhibit and it provides, among other things, that claims

3

regarding FEHA or termination from employment were to be arbitrated.

The hearing on defendants' motion was continued to June 25, 2020, because of safety measures and restrictions on in-person appearances necessitated by the COVID-19 pandemic. The May 11, 2020 trial date was also continued to July 11, 2020.

At the June 25, 2020 motion hearing, the parties appeared telephonically. After entertaining argument, the court denied defendants' motion on the basis of waiver. The court explained that defendants failed to provide any reasonable basis for waiting until the eve of trial to first assert their right to arbitrate. The court said it appeared defendants made a strategic decision to delay filing their motion and did not act with reasonable diligence in pursuing arbitration. The court then reset trial for July 19, 2021, its first available date due to then-pending COVID-19 restrictions.

This appeal followed.

**DISCUSSION**

While California law strongly favors arbitration, the right to arbitrate is not absolute. In order to "invoke the right to arbitrate, a party must (1) timely raise the defense and take affirmative steps to implement the process, and (2) participate in conduct consistent with the intent to arbitrate the dispute." (*Sobremonte v. Superior Court* (1998) 61 Cal.App.4th 980, 997–998.) If a party fails to do so, waiver is one of the statutorily enumerated grounds upon which a court may deny a motion to compel arbitration. (Code Civ. Proc., § 1281.2.) In the trial court and on appeal, the parties agree that California and federal law are in accord in allowing waiver. Defendants have not argued

4

that finding waiver would offend the Federal Arbitration Act (9 U.S.C. § 1 et seq.)

Our review of the trial court's ruling finding waiver is governed by the substantial evidence test. (*Garcia v. Haralambos Beverage Co.* (2021) 59 Cal.App.5th 534, 541–542; accord, *Zamora v. Lehman* (2010) 186 Cal.App.4th 1, 12.) We consider the record in the light most favorable to the court's ruling, construing all reasonable inferences and resolving all ambiguities in favor of its findings. If the finding of waiver is supported by substantial evidence, that determination is binding on us. (*Garcia,* at pp. 541–542.) We may not reverse the trial court's finding of waiver unless the record establishes there was no waiver as a matter of law. (*Burton v. Cruise* (2010) 190 Cal.App.4th 939, 946 (*Burton*).)

There is no bright-line test for establishing waiver. Each case must be judged on its own facts. (*St. Agnes Medical Center v. PacifiCare of California* (2003) 31 Cal.4th 1187, 1195 (*St. Agnes*).) However, the Supreme Court has acknowledged several relevant factors that should be taken into consideration. They are: (1) Whether the actions of the party seeking arbitration are inconsistent with the right to arbitrate; (2) "whether 'the litigation machinery has been substantially invoked' and the parties 'were well into preparation of a lawsuit' before the party notified the opposing party of an intent to arbitrate;" (3) whether the party first sought to compel arbitration or stay the proceedings close to the trial date or otherwise "delayed for a long period"; (4) whether the party seeking arbitration filed a counterclaim without also asking for a stay; (5) whether procedural steps not available in the arbitral

forum were taken advantage of; and (6) "whether the delay 'affected, misled, or prejudiced' the opposing party." (*Ibid.*)

With these factors in mind, we conclude the record contains substantial evidence supporting the trial court's finding that defendants waived their right to arbitrate this dispute.

For 16 months, starting in December 2018 with the service of multiple sets of discovery, defendants participated in the action without disclosing an intent to pursue arbitration as an alternative forum. Defendants delayed filing their answer and when they did file it, it did not raise arbitration as an affirmative defense. (*Guess?, Inc. v. Superior Court* (2000) 79 Cal.App.4th 553, 558 ["the failure to plead arbitration as an affirmative defense is an act inconsistent with the later assertion of a right to arbitrate"].) Defendants argue the delay was primarily occasioned by their efforts to determine whether plaintiff had signed an arbitration agreement, but the record does not show they diligently tried to resolve that issue, delaying taking plaintiff's deposition until shortly before trial. Defendants also engaged in third party discovery.

The record also establishes prejudice. Prejudice exists when the delay in seeking arbitration has "substantially undermined" California's policy favoring arbitration "or substantially impaired the other side's ability to take advantage of the benefits and efficiencies of arbitration." (*St. Agnes*, *supra*, 31 Cal.4th at p. 1204.) Where, as here, arbitration is first sought on the eve of trial, courts will find the requisite prejudice. (*Ibid.*; see also *Burton*, *supra*, 190 Cal.App.4th at p. 949 [affirming finding of waiver where party did nothing to pursue arbitration for 11 months, filing a motion just weeks before the scheduled trial date]; *Adolph v. Coastal Auto Sales, Inc.* (2010)

184 Cal.App.4th 1443, 1452 [filing motion less than three months before trial and forcing parties to start "anew in an arbitral forum" would delay resolution rather than advance it].)

Defendants filed their motion to compel arbitration *less than two months before* the scheduled trial date—a date which they had known about for over a year while they litigated the action. Defendants cite to our decision in *Khalatian v. Prime Time Shuttle, Inc.* (2015) 237 Cal.App.4th 651 (*Khalatian*), where we reversed the trial court's denial based on waiver. But the facts in *Khalatian* were entirely different than this case. "While the [trial] court found defendants actively participated in discovery, the evidence showed that only one defendant propounded discovery. That defendant propounded only one set of interrogatories, to which plaintiff responded with nothing more than references to the allegations of the complaint, and one request for production, to which plaintiff responded with 177 pages of documents. No depositions were taken, and no discovery motions were filed or heard. There is no evidence plaintiff provided any strategic information or any information he would not be required to provide in arbitration." (*Id.* at p. 662.) Most significantly, the motion to compel arbitration in *Khalatian* was filed *more than a year before* the scheduled trial date. (*Id.* at p. 663.)

As we said in *Khalatian*, " '[i]n light of the policy in favor of arbitration, "waivers are not to be lightly inferred. " ' "(*Khalatian, supra*, 237 Cal.App.4th at p. 662.) But defendants' actions here were dilatory and prevented the possibility of an expeditious resolution via arbitration. The trial court was therefore justified in finding that defendants' strategy of delay denied plaintiff the opportunity to obtain the most important benefit of arbitration: an efficient and timely resolution of the dispute. "Arbitration

loses much, if not all, of its value if undue time and money is lost in the litigation process preceding a last-minute petition to compel." (*Burton*, *supra*, 190 Cal.App.4th at p. 948.)

The fact the trial court had to continue the trial date due to the pandemic does not undermine the court's ruling. At the hearing, defense counsel speculated that perhaps plaintiff would not suffer prejudice because they might still be able to get an arbitration completed before the trial court could proceed with trial. Defense counsel said, "I don't know that for certain. I'm just surmising." The trial court did not have a crystal ball. The court was justified in ruling on the facts before it at the time. The court knew it would have to delay trial due to the ongoing pandemic but requiring the parties to start over in a new forum, one that would also be operating under pandemic protocols, would also cause delay. The record does not compel a finding of nonwaiver as a matter of law. (*Burton*, *supra*, 190 Cal.App.4th at p. 946.)

## DISPOSITION

The order denying defendants and appellants' petition to compel arbitration is affirmed. Plaintiff and respondent shall recover her costs of appeal.


GRIMES, J.


WE CONCUR:



STRATTON, P. J.          WILEY, J.